John B. Klenda McPherson County Counselor Suite 201, The Grand Building 100 West Kansas Avenue Post Office Box 1103 McPherson, Kansas 67460
Dear Mr. Klenda:
As county counselor for McPherson County, you inquire whether a county treasurer may use motor vehicle funds to install a security system in the motor vehicle department located in the county courthouse. You also raise a second issue that if such a security system is in place and recordings are made, who must provide for the storage and safekeeping of the video images.
K.S.A. 2007 Supp. 8-145 requires the county treasurer to retain a prescribed portion of the fees collected for automobile registration and certificates of title. Such fees are:
 "[C]ollected by such treasurer under this act, in a special fund, which fund is hereby appropriated for the use of the county treasurer in paying for necessary help and expenses incidental to the administration of duties in accordance with the provisions of this law. . . ." (Emphasis added.)
A county treasurer has several duties encompassed within the statute. Such duties include: 1) receiving payment from applicants; 2) issuing a receipt for the payment with a copy delivered to the applicant, a copy forwarded to the state director of vehicles and a copy retained by the treasurer; and 3) depositing the funds collected, retaining a portion to offset the expense of the transaction and remitting the balance of the funds to the Secretary of Revenue.[1]
At issue is whether the installation of a security system for the provision of a "safe and secure environment for my staff as well as the public"[2] falls within the treasurers' administration of the duties outlined in K.S.A. 2007 Supp. 8-145.[3] There is only one Kansas Supreme Court case that discusses the issue of incidental expenses subject to K.S.A. 2007 Supp. 8-145.[4] The expenses under review in that case were for office supplies that ". . . were needed in administering the act and were used exclusively for that purpose . . ."[5] The court reviewed the legislative history of the motor vehicle registration laws and determined that when the italicized language was added in 1937, it appeared to be a recognition by the legislature that some administrative costs were owed exclusively to the county treasurer for collecting the payments due to the state.[6]
The clear language of the statute provides that the fees be used only for expenses "incidental" to the administration of the motor vehicle registration laws.[7] There is very little additional guidance on this point in the statute. "Incidental" is defined as "subordinate to something of greater importance; having a minor role."[8] When considering whether the installation of a security system is incidental to the administration of the county treasurer's duties, it does not appear that a security system is subordinate or plays any role in the collection, generation of the required receipts or depositing the funds collected. That is not to say a security system is not important, only that it appears that it is not incidental to the duties required of the county treasurer to comply with the motor vehicle registration laws.
It is generally held that a fund collected for a special purpose is a trust fund, and may not be used or diverted for other than the special purpose for which it was collected.[9] This statute provides the county treasurer with exclusive use of the fees during the year collected to offset expenses incidental to a treasurer's duties administering the motor vehicle registration laws.[10] Therefore, it is our opinion that the purchase and installation of a video security system is not incidental to a treasurer's duties in administering the motor vehicle registration laws.
At the end of the calendar year any portion of the fees remaining are credited to the county general fund.[11] Once transferred, they would no longer be considered a fee collected for a special purpose and would be available for any legitimate expense of the county, including security systems. The county commissioners assume responsibility and control for the appropriation and expenditure of the funds at that point.[12]
Finally, you ask about the responsibility for the security of any video images that are captured on a security system. Counties are subject to the Public Records Preservation Act[13] and as such any information must be retained in accordance with the adopted retention schedule under the Act.
Summarizing, the fees collected and retained by the county treasurer for issuing automobile registrations and certificates of title may only be used for the incidental expenses directly attributable to administering the motor vehicle registration laws. Security cameras are not such an expense.
Sincerely,
 Stephen N. Six Attorney General
 Michael J. Smith Assistant Attorney General
SNS:MF:MJS:jm
[1] K.S.A. 2007 Supp. 8-145.
[2] Interoffice Memorandum from Brenda Becker, County Treasurer to John Klenda, County Counselor (January 28, 2008).
[3] There is no dispute that the county commissioners have no authority to control the "special fund" established by K.S.A. 8-145. This question was resolved by Board of Comm'rs of Wyandotte County v.Ferguson, 159 Kan. 80 (1944). See also Attorney General Opinions No. 79-74, 80-206, and 82-76.
[4] Board of Comm'rs of Wyandotte County v. Ferguson, 159 Kan. 80
(1944). We are aware a similar issue was litigated in Marshall County recently where the court determined that printers were an allowable incidental expense. (Marshall County District Court Case Nos. 2007 CV 57 and 2007 CV 67.)
[5] Id. at 82.
[6] Id. at 85, 86. Prior to 1937 the county portion of the payments retained were placed in the county general fund.
[7] K.S.A. 8-126 et seq.
[8] Black's Law Dictionary 777 (8th ed. 2004).
[9] 56 Am.Jur.2d Municipal Corporations, Counties, and Other PoliticalSubdivisions § 536 (2004).
[10] K.S.A. 2007 Supp. 8-145.
[11] K.S.A. 2007 Supp. 8-145(b).
[12] K.S.A. 19-101; 19-101a; 19-212 Sixth; and 19-219.
[13] K.S.A. 45-401 et seq. Video images are included within the definition of "government records." K.S.A. 45-402(d).